SMITH, C. J., dissenting.
The plaintiff brought this action for an alleged breach of a contract which is substantially as follows: This agreement, made on 30 May, 1876, between the plaintiff and defendants, witnesseth, that the plaintiff covenants to establish a weekly agricultural journal, * * * and the defendants covenant to furnish the plaintiff with a paid up list of annual subscribers, not less than 1,500, at $2 each per annum, 1,000 of them to be furnished by 1 October, 1876, and the balance by the following January * * * and the plaintiff covenants to execute a bond for the publication of the same, and to pay to the treasurer of the State grange one-half of all the cash received by him on account of subscriptions furnished by defendants, or from other sources, over and above the guaranteed subscription of 1,500 * * * said payments to be made quarterly and continue until $3,000 and interest shall have been paid.
The case states the evidence of the plaintiff — that in pursuance of the contract the plaintiff commenced the publication of the journal on 2 August and continued until 25 October, 1876, satisfactorily to defendants, a thousand copies being issued each week. The plaintiff executed the required bond which was accepted by defendants. One hundred and fifty-six subscribers were secured, and the plaintiff received $348 in payment for their subscriptions. During the said month of October several interviews were had between the parties, and the plaintiff informed the defendants that he had exhausted all his means in the publication of the paper, and that unless they complied with (166) their contract the paper must stop, and he proposed that if they would advance him $600 on the contract he would continue its publication until the general meeting of the State grange in February, 1877, which the defendants declined, and thereupon the plaintiff discontinued the publication, and soon afterwards sold the name, good will, subscription list, etc., belong to the paper, for $200. The plaintiff *Page 133 
expended $650 in its publication, returned $7.50 to subscribers, informing others that he and defendants were liable for their subscriptions, and owed $120 to an assistant editor.
The witness further stated that he had had experience in the newspaper business, and that a paid-up subscription list had a definite market value. After argument of counsel the Court stated that the plaintiff could not recover on the contract, and that the measure of damages was the value of his services in attempting its performance, and the amount expended by him over the amount received. In submission to this intimation the plaintiff asked to be allowed to introduce further evidence as to the amount of damages, which the Court refused; but offered to allow an amendment of the pleadings so as to declare on the general assumpsit. The plaintiff declined to amend, took a nonsuit and appealed.
The parties entered into a written contract to establish a public journal, the success of which was uncertain, depending upon popular favor. It is fair to suppose that each party intended and endeavored to perform what was promised, and that the failure was accidental. It is conceded by the defendants that they made the first breach in not furnishing the number of paid-up subscribers by (167) 1 October, as promised, and they do not controvert the position that if the plaintiff had abided by the contract he could have sued upon it and recovered of the defendants for their breach, but they deny the plaintiff's right to sue upon the contract, because he elected to rescind it and put it beyond his power to perform it by selling out the enterprise. And so the defendants say that just as both made the contract so both broke it, and therefore neither can sue upon it. So His Honor held. And we are of the same opinion.
The position which the plaintiff endeavored to support is that the covenants are independent, and that he can maintain an action against the defendants for their breach without alleging performance or readiness to perform on his part. But that is not so. The contract has but one subject matter, the establishment of the "journal" to which both parties were to contribute, and neither can sue the other upon the contract without alleging performance on his part. What the rights of the parties may be in an action on the common counts is not before us. There is no error. *Page 134